IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| STEVEN E. HAMMER <br> individually and on behalf of all others <br> similarly situated, <br>     Plaintiff, <br><br> v. <br><br> SAM'S EAST, INC. <br> d/b/a SAM'S CLUB; <br> and DOES 1 through 10, inclusive <br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 08-0788-CV-W-HFS |

**MEMORANDUM TO COUNSEL**

An unusual procedural situation has developed in this case. As mentioned at our conference last week, I am now aware of a discovery controversy that has developed in collateral proceedings, relating to a nonparty, GE Capital Retail Bank, that apparently had a financial arrangement with the Sam's Club defendants.

The docket sheet in a recently filed Miscellaneous proceeding, 12-mc-09006-GAF, reflects that a motion to quash was filed by Bank in federal court in Utah, which has been transferred here for disposition, and assigned to Judge Fenner. Normally the discovery dispute would be referred to me, because of my familiarity with the underlying controversy. A complication is presented, however, in that my son Adam is a partner in the law firm serving as local counsel for the Bank (the Husch Blackwell firm) and I routinely recuse in cases where that firm is counsel.

If the proceeding assigned to Judge Fenner were transferred to me it seems probable that I should recuse in the entire matter, which has been pending before me since 2008 and has on several occasions required a substantial amount of judicial study and some material activity. If that can be reasonably avoided, I am prepared to accept my "duty to sit where not disqualified ..." Laird v.

Tatum, 409 U.S. 824, 837 (1972). It would be helpful, I conclude, to avoid circumstances that would require recusal. One way would seem to be to leave the Bank's discovery issue with Judge Fenner. In effect, I would be using a severance procedure to avoid creating a cause for recusal. This seems rather novel.

Limited review of legal principles suggests this is somewhat similar to making sure that a law clerk with a relationship with a particular firm is isolated from litigation involving that firm while the judge continues to handle the litigation. See, e.g., Anderson v. Board of School Directors of Milcreek Township School District, 2011 WL 5325782 (W.D.Pa.), page 10. Asking Judge Fenner to handle the Bank's issues is somewhat awkward, when my familiarity with the underlying case might be helpful. My present view, however, is that this would be the lesser evil under the circumstances.[1]

If the parties have views on the recusal issue they wish to present to me, by motion or otherwise, they are invited to do so.

    /s/ Howard F. Sachs
    HOWARD F. SACHS
    UNITED STATES DISTRICT JUDGE

May  2 , 2012

Kansas City, Missouri

---

[1] A further anomaly is that recent appellate decisions may suggest that the willfulness issue (assuming a law violation) can sometimes be ruled definitively on summary judgment without discovery, or with limited discovery, given the initial test of "objective reasonableness" that is applied, and the immateriality of "subjective bad faith" in that aspect of the analysis. Long v. Tommy Hilfiger U.S.A., Inc., 671 F.3d 371, 377-378 (3rd Cir. 2012). See also, Safeco Ins. Co. of America v. Burr, 551 U.S. 47, 70 n.20 (2007); Van Straaten v. Shell Oil Products Company LLC, 2012 WL 1340111 (7th Cir.). My supposition, however, is that some background information on factual issues not subject to judicial notice may be needed or useful here, presumably by stipulation or by uncontroverted expert opinions, to permit a legal ruling on such a motion.